No. 45,671

In the Matter of the Estate of Alexander Blakely, Deceased. STATE DEPARTMENT OF SOCIAL WELFARE OF KANSAS, *Appellant*, v. TIMOTHY R. EMERT, Administrator of the Estate of Alexander Blakely, Deceased, *Appellee*.

(469 P. 2d 435)

Opinion filed May 9, 1970.

*W. B. Kirkpatrick*, of Topeka, argued the cause, and Charles V. Hamm, of Topeka, was with him on the brief for the appellant.

*Timothy R. Emert*, of Independence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order of a district court affirming an order of the probate court taxing the cost of administering a no-asset estate to the creditor petitioning for administration.

There is no dispute in the facts.

Alexander Blakely, prior to his death on January 26, 1965, resided in Elk City, Kansas, and was a recipient of welfare assistance through the Montgomery County Department of Social Welfare, having received during his lifetime the aggregtae sum of $7,172.53.

.Subsequent to the death of Alexander Blakely, the Montgomery County Welfare Department informed the appellant, the State Department of Social Welfare, of the death of the decedent, the amount of assistance provided him, and the fact that he owned real estate in Elk City. The information also showed that four-years back taxes were owed on this property and that the location and condition of the house a $1,000.00 valuation would probably be high.

On October 14, 1965, appellant was informed that the total amount of back taxes owed was $174.78. It filed a petition for the

appointment of an administrator December 9, 1965. Subsequently, Timothy R. Emert was appointed administrator of this estate and in due time three demands were filed and allowed against the estate, being those of:

Webb Funeral Home ........................................ $443.38
Olive McKenzie ............................................ 59.55
State Department of Social Welfare .......................... 7,172.53

Subsequently the Elk City real estate, which was appraised at $450.00, was sold under tax foreclosure for the sum of fifty dollars and the estate was without any assets. On July 25, 1967, there was filed a final decree of summary closing and final settlement in which the appellant, original petitioner herein, was taxed with the costs of administration in the amount of $179.48, and the administrator was discharged. From this final decree of summary closing and final settlement, the State Department of Social Welfare appealed to the District Court of Montgomery County which affirmed the decision of the probate court. Appellant has appealed from the decision of the district court.

The administrator of the estate, also acting as attorney, filed a motion for additional attorney fees to enable him to defend his position in the appeal to the district court. The district court allowed his motion for additional attorney fees and the State Department of Social Welfare has also appealed from that decision.

Appellant suggests that K. S. A. 39-719a provides that the State Board of Social Welfare may file a claim against the estate of a deceased who had received welfare assistance and the petition for administration of the estate of Alexander Blakely, deceased, was started in good faith pursuant to the authority granted by K. S. A. 59-2221, extending to any interested person the right to petition for administration of an estate. Appellant contends that under these circumstances it could not be charged with the costs incurred in administering the no-asset estate.

The district court concluded:

"The Probate Court has discretionary power to tax the costs and necessary expenses of administration against such party or parties as it appears to the Court is just and equitable in the premises where it appears that it would be unjust and inequitable to tax them against the estate."

The district court based its decision on K. S. A. 59-2214 which provides insofar as material here:

"In all probate proceedings relating to the estate of a decedent or ward, the court shall tax the costs thereof against the estate unless otherwise pro-

vided by this act, or unless it appears that it would be unjust and inequitable to do so, in which event the court shall tax such costs or any part thereof against such party as it appears to the court is just and equitable in the premises. . . ."

The trial court stated the reasons for its conclusion in a memorandum decision:

". . . The matter of costs was placed by the legislature just where it should be left, a discretionary matter for the Probate Court. The 'costs' in a probate proceeding are on a different footing from costs in other proceedings. The administrator represents both heirs and creditors. If the creditor can compel the appointment of an administrator then under the proper circumstances (where it would be unjust and inequitable to assess against the estate) the Probate Court must be in a position to do justice to the administrator, who is by reason of the creditors' petition for administration, personally obligated for attorney fees and expenses."

Although this court has not passed directly on the question, we did have a related question in *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305. At page 380 of the opinion we stated:

"We find much in pertinent provisions of our comparatively new probate code, especially when they are considered together, indicating that administration of the estate of an intestate resident decedent, regardless of its known assets, is required if and when a creditor demands it."

We stated on page 383 of the opinion what might be done as to costs under such circumstances:

"Appellants suggest the conclusion just announced would result in no benefits to heirs at law who oppose administration and expense to them or to the county in those cases where creditors are unable to establish assets in amounts sufficient to pay their demands. The answer to one phase of this contention is to be found in our decisions holding that administration is for the benefit of creditors as well as heirs. Be that as it may, our decision need not result in financial injury to heirs or to the county. The provisions of 59-2214 authorize the probate court to tax costs against creditors and even permit it to require them to give security for costs if and when, in the exercise of its discretion, it deems that action is just and equitable."

We conclude that a probate court may in its sound discretion charge the cost of administering a no-asset estate to the creditor who petitioned for administration, but such discretion should be exercised with great caution in order that creditors not be fearful of asserting their rights. We find no basis for disturbing the discretionary act of the probate court in the procedings under consideration.

Reasonable attorney fees are proper items of cost of administering a decedent's estate, including a reasonable fee on appeal to the

district court or the supreme court. (*In re Estate of Eyth,* 157 Kan. 268, 139 P. 2d 378.)

The judgment is affirmed.

APPROVED BY THE COURT.