No. 47,128

In the Matter of the Estate of: Carl H. Reitz, Deceased; NELL ANN DEL CARLO, Legatee, *Appellant,* v. NORMAN M. RANKIN, Executor, *et al., Appellees.*

(516 P. 2d 909)

Opinion filed December 8, 1973.

*John T. Flannagan,* of Payne and Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant.

*Bernis G. Terry,* guardian ad litem, of Olathe, argued the cause, and *James H. Bradley,* of Olathe, was with him on the brief for the appellees.

The opinion of the court was delivered by

FOTH, C.: This is an action to construe a will. The issue is whether a bequest of "personal effects" carries with it a $5,000 bank certificate of deposit.

The testator, Dr. Carl H. Reitz, was survived by three daughters and a number of grandchildren, children of his daughters. His will, dated December 18, 1967, was rather short and simple: Article I directed payment of debts and funeral expenses; Article II gave his personal effects to his daughter Nell Ann Holt (now Nell Ann Del Carlo, the appellant here); Article III gave his residuary estate to his grandchildren; Article IV expressly disinherited his other two daughters; and Article V appointed an executor.

After Dr. Reitz's death his executor found the certificate of deposit in question in his safe deposit box, along with his coin collection and other papers. The cerificate was dated February 10, 1967, was payable to the order of Dr. Reitz, and was unendorsed. Being

uncertain whether the certificate passed to the daughter under Article II or to the grandchildren under Article III, the executor brought this action to resolve that question.

Article II provides:

"All my personal effects including but not limited to the following items: clothing, guns, hand tools (electric & otherwise), cameras, and coins & currency located in my apartment and in my safe deposit box at the Twin City State Bank, I give and bequeath to my daughter, Nell Ann Holt."

The probate court held that this language did not cover the certificate of deposit, and that the certificate passed under the residuary clause. On reconsideration it reaffirmed that decision:

"6. That the said Certificate of Deposit is not 'coins and currency' or 'personal effects' either in common usage or definition nor is it included in any other descriptive language under said Article II so that is passed to Nell Ann Holt, now Del Carlo, thereunder."

On appeal the district court reached the same result, and Mrs. Del Carlo has brought the case here.

In the district court the main thrust of appellant's argument appears to have been that the certificate was "currency" within the meaning of that term in Article II of the will. The district court's decision was directed principally at that contention and—properly, we note—rejected it. The certificate represented an unconditional obligation of the bank, and being payable "to the order of" Dr. Reitz was a negotiable instrument (K. S. A. 84-3-104 [1] [c]). It would take a strained argument to bring the certificate within the commonly accepted meaning of the term "currency." Cf., 54 Am. Jur. 2d, *Money,* § 11; 25 C. J. S., *Currency,* p. 42. No such argument is made in this court.

Here, the only question is whether the certificate was meant to be included within the general term "personal effects." On this question we fully agree with the probate court's answer, quoted above.

Although this court has not had occasion to define the term, it has a commonly accepted meaning. *Black's Law Dictionary* (4th Ed.) defines it as "Articles associated with [the] person, as property having more or less intimate relation to [the] person of possessor; 'effects' meaning movable or chattel property of any kind."
Corpus Juris Secundum observes:

"It has been said that originally the term properly meant things appertaining

to the body or the individual, and hence came to mean movable property. When used without qualifying words, the term generally includes such tangible property as is worn or carried about the person, although not restricted to that meaning; . . . effects of a personal character, especially *as used in wills*, tariff laws, etc.; goods and items of property having a more or less intimate relation to the person; personal luggage *as distinguished from merchandise*; such property especially appertaining to one's person." (28 C. J. S., *Effect*, pp. 837-8.)

The primary theme running through these definitions, and the cases supporting them, is the intimate connection with the person, a theme recognized in 30 A. L. R. 3rd 797, 810-11, where the annotators summarize by saying:

"A number of courts dealing with the question of what passed under the term 'personal effects' as employed in a will have held or recognized, specifically or by implication, that the quoted term has no settled technical meaning, that in its primary sense, without qualifying words, it ordinarily embraces such tangible property as is worn or carried about the person, or tangible property having some intimate relation to the person, but that where the context requires, the term may have a broader meaning."

In this case we search the "context" in vain for any indication that a broader meaning was intended. The specific inclusion of "coins and currency" might have indicated such an intent if it were not for the coin collection. Absent the collection it might be argued that Dr. Reitz intended his daughter to have all property having pecuniary characteristics—such as the certificate—in addition to items whose chief value was their personal connection with him. But the coin collection obviously had such a personal connection, representing the interests of a hobbyist rather than of a financier. (All parties, including the guardian ad litem for the residuary legatees, agree that the coin collection passes under Article II.)

We are told that the gross estate is appraised at about $125,000. From a reading of the will as a whole the testator's intent is clear that all of this should pass to his grandchildren, with one exception. That exception was the gift to his daughter of those items closely connected with his person, which he regularly touched or used— *i. e.*, his "personal effects." The certificate of deposit cannot be included in this category.

The judgment is affirmed.

APPROVED BY THE COURT.