(971 P.2d 758)

No. 80,119

IN THE MATTER OF THE ESTATE OF MARIE R. MILDREXTER,
DECEASED.

Opinion filed January 15, 1999.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chartered, of Norton, for appellant Ruby Meyer.

*Karen L. Griffiths*, of Sebelius & Griffiths, of Norton, for appellee Estate of Mildrexter.

Before BRAZIL, C.J., GREEN and KNUDSON, JJ.

KNUDSON, J.: Ruby Meyer appeals the district court's interpretation of Marie R. Mildrexter's last will and testament and the denial of her request for attorney fees. We affirm.

Marie Mildrexter died testate on May 28, 1995. Her rather lengthy will delineated bequests of personal effects in paragraphs 4 through 23. These bequests were to various family members and included such items as latch-hook rugs, jewelry, diamonds, a tablecloth, quilts, dishes, afghans, an antique lamp, furniture, pictures, camera equipment, clothes, personal items, and the family history Marie had written. Several specific bequests were made to Ruby, including all of Marie's photographs, cameras, projectors, and photographic equipment, their grandmother's clock, the family history, and her clothes and personal items, as well as a diamond

ring. Paragraph 24 then provided: "I request my executors to have an auction amongst my family members . . . to auction off my *other personal property items not specifically bequeathed.* The proceeds shall be divided equally between my brothers and sisters who survive me." (Emphasis added.)

In addition to her personal effects, Marie's estate also contained substantial amounts of government bonds, certificates of deposit, and stocks. Paragraph 29 of Marie's will authorized her executors to sell all of the balance of her real and personal property at public auction, or at private sale, with the proceeds to pass under the residuary clause of her will. The residuary clause found in paragraph 33 of the will directed that "[a]ll of my property, both real and personal, wherever the same may be situated, subject only to the special provisions set forth in this my Last Will and Testament, shall go to the Frank and Marie Mildrexter Foundation Trust . . . ."

Ruby is Marie's only surviving sibling. In her petition, Ruby requested that the district court construe the will as requiring that all of Marie's personal property, not just her personal effects, be subject to paragraph 24, the private family auction provision of the will.

The district court concluded that the provisions in the will were not ambiguous and Marie's clear intent as expressed in paragraph 24 was that "personal property items" meant personal effects such as household goods and personal belongings and did not include stocks, CDs, and the other personal property that would pass through the residuary clause of the will.

Ruby filed a request for attorney fees, arguing her attorney's services ultimately benefitted the estate as required by K.S.A. 59-1504. The district court denied this request because the estate was not benefitted by Ruby's petition to construe the will and her claim was unsuccessful.

On appeal, Ruby contends the term "personal property" referred to in item 24 of Marie's will should be interpreted to include all property except real estate, and thus the district court erred in construing the term to not include stocks, CDs, and other personal property.

The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court. *In re Estate of Cline*, 258 Kan. 196, 199, 898 P.2d 643 (1995). Where a court is to determine the effect of a will, its first duty is to survey the instrument in its entirety and determine whether its language is so indefinite and uncertain as to require employment of rules of judicial construction. 258 Kan. at 199. The critical test in determining whether a will is ambiguous is whether the intention of the testator can be gathered from the four corners of the instrument itself. If so, ambiguity does not exist. *In re Estate of Brecklein*, 6 Kan. App. 2d 1001, 1007, 637 P.2d 444 (1981). Whether an instrument is ambiguous is a matter of law to be decided by the appellate court. *In re Estate of Sanders*, 261 Kan. 176, 181, 929 P.2d 153 (1996). If the testator's intent can be ascertained, neither rules of construction nor extrinsic evidence should be allowed to vary the clear intent expressed on the face of the instrument. See *Cline*, 258 Kan. at 199.

The analysis as to whether the district court erred in holding that "personal property items" do not include stocks, bonds, CDs, and other personal property, obviously turns on the determination of what "personal property" is. "Personal property" is commonly defined as all property other than real estate, including goods, money, notes, bonds, and stocks. Black's Law Dictionary 1217 (6th ed. 1990). Black's further indicates personal property is divisible into corporeal property, which includes tangibles, and incorporeal property which consists of stocks, shares, and patents. A.L.R. states:

"While the term 'personal property' in its technical sense includes all forms of property other than lands or interests therein, when the term is used in wills, it is often construed as including only tangible chattels or personal effects. The ultimate test in determining what passes under a testamentary gift of 'personal property' is the intention of the testator, which, when ascertainable, is controlling in every instance, and what passes as personal property under a will depends on the circumstances of the particular case." 31 A.L.R.5th 499.

The Kansas Court of Appeals has determined the term "belongings" did not include a collection of gold and silver coins and South African gold coins, where the use of the specific words "furniture"

and "household effects" rendered it unlikely the testator intended anything to pass under "belongings" other than personal items. *Brecklein*, 6 Kan. App. 2d at 1010. Further, the Kansas Supreme Court determined "personal effects," when used in conjunction with clothing, guns, hand tools, cameras, and coins and currency located in testator's apartment and safe deposit box did not include a $5,000 CD, where it appeared the testator only intended his daughter to receive those items of a personal character due to the context in which the term was used. *In re Estate of Reitz*, 213 Kan. 534, 535-36, 516 P.2d 909 (1973).

Case law from other states is also instructive on this issue. The Maryland Appeals Court determined a bequest of " 'all my personal property, including but not limited to all furniture and fixtures in my residential home, any motor vehicles which I may own and any monies which I may have at the time of my death' " was intended to include both tangible and intangible personal property. *Hays v. Coe*, 88 Md. App. 491, 495-97, 595 A.2d 484 (1991). The court noted, however, if any part of a will restricts or qualifies the general term of personal property, that term must be so restricted and qualified. 88 Md. App. at 496-97.

Based on the foregoing authorities, it appears decedent intended only household items and personal effects to be auctioned off. First, the language of paragraph 24 including the phrase "other personal property items" which directly follows 20 specific bequests of household items indicates only those same type of items were to be sold at the auction. Second, paragraph 24 does not contain any sort of expansive phrase recognized by the Maryland Appeals Court as requiring "personal property" to be interpreted as all property except real estate. Marie did, however, use such expansive terms elsewhere in the will, indicating she could have used them in paragraph 24 if she had so intended. We note that in paragraph 30 Marie bequests government bonds to a charitable society, demonstrating she did not intend those bonds to be included in the term "personal property items," which would indicate similar items such as stocks and CDs were likewise not "personal property." Additionally, the residue of Marie's estate was to go to the Frank and Marie Mildrexter Foundation Trust to be used for

the support, welfare, and promotion of several area charitable organizations. She intended to fund the trust with her stocks, CDs, and other intangibles, which would tend to negate the possibility she wanted to have these items sold at the auction. Finally, as the district court noted in denying Ruby's petition, stocks, bonds, CDs and the like are not the type of property normally sold at an auction such as that contemplated by paragraph 24.

The district court correctly determined Marie's will was unambiguous, and it was her expressed intent that only personal property items of the type previously bequeathed in paragraphs 4 through 23 were to be auctioned under paragraph 24, and the balance of real and personal property, unless otherwise specifically bequeathed or devised, was to pass in accordance with the residuary clause of the will.

Ruby also contends the district court erred in refusing to allow her reasonable attorney fees incurred in presenting this issue for consideration. The allowance of attorney fees in probate cases is governed by K.S.A. 59-1504. Although the statute sets forth three ways to recover fees, only one is applicable to the present case. The pertinent language states:

"Any heir at law or beneficiary under a will who, in good faith and for good cause, successfully prosecutes or defends any other action for the benefit of the ultimate recipients of the estate may be allowed his or her necessary expenses, in the discretion of the court, including a reasonable attorney's fee." K.S.A. 59-1504.

Ruby cites several cases for the proposition that if a petitioner brings a meritorious action to construe a will, attorney fees are allowable. However, while this point of law has been stated in several previous Kansas cases, the clear language of the statute indicates three threshold requirements must be met before attorney fees may be recovered: (1) The party must be successful in his or her action; (2) the action must ultimately benefit the recipients of the estate; and (3) the court must exercise its discretion to allow fees. K.S.A. 59-1504. Further, all of the cases Ruby cites either relied upon earlier versions of the above statute, which did not contain the language applicable to this case, or did not deal with the language applicable to this case. See *In re Estate of Robinson,*

236 Kan. 431, 435, 690 P.2d 1383 (1984); *Reznik v. McKee, Trustee*, 216 Kan. 659, 680-81, 534 P.2d 243 (1975); *In re Estate of Sowder*, 185 Kan. 74, 86, 340 P.2d 907 (1959). Finally, a recent Kansas case emphasized the requirement that a claimant must *successfully* bring an action which benefits the estate in order to be eligible to receive attorney fees under K.S.A. 59-1504. *In re Trusteeship of the Will of Daniels*, 247 Kan. 349, 357, 799 P.2d 479 (1990).

Ruby's petition failed; she was unsuccessful in the proceeding. We conclude the district court did not err in denying her request for attorney fees.

Affirmed.