(23 P.3d 902)
No. 85,159

IN THE MATTER OF THE ESTATE OF MARSHALL G. GARDINER,
Deceased.

—

Opinion filed May 11, 2001.

*William M. Modrcin* and *David G. Watkins*, of Morrison & Hecker L.L.P., of Kansas City, Missouri, and *John F. Thompson*, of Davis, Beall, McGuire & Thompson, of Leavenworth, for appellant Joseph M. Gardiner, III.

*Sanford P. Krigel* and *Karen S. Rosenberg*, of Krigel & Krigel, P.C., of Kansas City, Missouri, for appellee J'Noel Gardiner.

Before GERNON, P.J., KNUDSON and BEIER, JJ.

GERNON, J.: Joseph M. Gardiner, III, (Joe) appeals the district court's award of attorney fees to Krigel and Krigel, P.C., (Krigel & Krigel) attorneys for J'Noel Gardiner. This is a companion case to *In re Estate of Gardiner*, (29 Kan. App. 2d 92, 22 P.3d 1086 (2001). In

that case, this court reversed the trial court's granting of summary judgment and ruled that the matter be remanded for a hearing.

Marshall G. Gardiner died intestate on August 12, 1999. He was a resident of Leavenworth County, Kansas.

Joe, Marshall's son, filed a petition for letters of administration with the District Court of Leavenworth County, Kansas. Joe named himself and J'Noel Gardiner, Marshall's surviving spouse, as Marshall's heirs. In his petition, Joe argued that J'Noel had waived any rights to Marshall's estate, and, thus, he is the sole heir at law to Marshall.

J'Noel filed an objection to Joe's petition and also applied for letters of administration. Eventually the court appointed a special administrator to handle the estate.

The parties filed numerous pleadings and motions with the trial court. The court heard oral arguments and granted Joe's motion for summary judgment with respect to the validity of the marriage. That ruling was reversed by this court.

The trial court stated, then, that J'Noel had no interest or rights in Marshall's estate. Accordingly, J'Noel's motion for partial summary judgment was denied. J'Noel appealed to this court.

Krigel & Krigel, J'Noel's attorneys, submitted an application with the district court for allowance of attorney fees in the amount of $61,191.42. Joe filed an objection to the application. The district court granted in part Krigel & Krigel's application for allowance of attorney fees. Joe's objection to the application for attorney fees was therefore denied.

The district court stated that approximately two-thirds of the attorney fees were related to the issue of whether J'Noel was an heir at law. The court found that it was necessary to resolve this issue before administration of the estate could proceed. Thus, the district court found that $40,000-worth of fees should be taxed as costs against the estate, pursuant to K.S.A. 59-2214.

In the alternative, the court stated that, should the district court's award be overturned, attorney fees may be awarded pursuant to K.S.A. 59-1504. The court found that J'Noel was successful in avoiding dismissal on one of the two grounds advanced by Joe in his motion for summary judgment, *i.e.*, the waiver of marital rights,

and, therefore, a portion of the fees related to the litigation, or $20,000, should be paid by the estate pursuant to K.S.A. 59-1504. Joe appeals.

Joe argues that the district court misconstrued K.S.A. 59-2214 by holding that the statute allows an award of attorney fees to the lawyers for the losing party. The issue of whether the district court had the authority to impose attorney fees under K.S.A. 59-2214 is a question of law over which appellate review is plenary. *Walker v. State*, 26 Kan. App. 2d 410, 411, 988 P.2d 283, *rev. denied* 268 Kan. 896 (1999).

In Kansas, courts do not have the authority to award attorney fees in civil cases except those authorized by statute or agreed to by the parties. *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905, 908 P.2d 1329 (1995). Likewise, a court does not have authority to impose attorney fees under its equitable powers in the absence of statutory authorization. 21 Kan. App. 2d at 905-06. See *Golconda Screw, Inc. v. West Bottoms Ltd.*, 20 Kan. App. 2d 1002, 1009-10, 894 P.2d 260 (1995).

The district court found that part of J'Noel's attorney fees were costs that should be taxed against the estate under K.S.A. 59-2214. The district court also cited *In re Estate of Kern*, 239 Kan. 8, 716 P.2d 528 (1986), in support of the decision to award attorney fees under K.S.A. 59-2214.

K.S.A. 59-2214 states in relevant part:

"In all probate proceedings relating to a decedent or conservatee, the court shall tax the costs thereof against the estate unless otherwise provided by this act, or unless it appears that it would be unjust and inequitable to do so, in which event the court shall tax such costs or any part thereof against such party as it appears to the court is just and equitable in the premises."

When attorney fees are to be included as part of costs, a statute explicitly includes them. *Walker*, 26 Kan. App. 2d at 411. See, *e.g.*, K.S.A. 2000 Supp. 61-2709(a) (appeal from small claims court); K.S.A. 2000 Supp. 60-1610(b)(4) (costs and attorney fees in divorce action); K.S.A. 2000 Supp. 60-2006(a) (motor vehicle negligence cases).

In *Walker*, the trial court assessed court costs and attorney fees for appointed counsel against an unsuccessful K.S.A. 60-1507

plaintiff. After a review of the statutory authority upon which the trial court relied, the Court of Appeals found that nothing in the statute specifically authorized the taxing of the plaintiff for the reimbursement of his own court-appointed attorney fees. 26 Kan. App. 2d at 411; see K.S.A. 2000 Supp. 60-2001(d). Absent express statutory authority, the court held that the trial court could not order the reimbursement of the attorney fees paid to plaintiff's court-appointed counsel. This court did affirm the assessment of court costs against the plaintiff. 26 Kan. App. 2d at 412.

Likewise, in K.S.A. 59-2214, nothing in the statute specifically authorizes the taxing of J'Noel's attorney fees against Marshall's estate. As stated by the Kansas Supreme Court in *Divine v. Groshong*, 235 Kan. 127, 141, 679 P.2d 700 (1984), with respect to another statute that utilizes the word "costs," "[t]he term 'costs' *ordinarily means the fees and charges of the court—filing fees, fees for service of process and the like.*" See *DeSpiegelaere v. Killion*, 24 Kan. App. 2d 542, 551, 947 P.2d 1039 (1997). K.S.A. 59-2214 does not provide for the payment of all the expenses incurred in all probate proceedings relating to a decedent. The statute uses the term "costs."

A review of the case relied on by the district court in support of the decision to award attorney fees to Krigel & Krigel pursuant to K.S.A. 59-2214, *i.e., In re Estate of Kern*, provides no guidance. *Kern* involved an appeal from an order of a district court admitting a will to probate. On cross-appeal, the executors of the estate contended that the trial court erred in overruling their motion to assess costs and attorney fees to the principal contestant of the will under either K.S.A. 60-2007(b) or K.S.A. 59-2214.

The Supreme Court agreed with the district court in holding that the contestant should not be responsible for the costs and fees of the litigation as there was no showing that it was a frivolous action or was brought in bad faith. 239 Kan. at 20. K.S.A. 60-2007(b), repealed in 1997, dealt with frivolous actions and the assessment of "reasonable attorney fees and expenses" incurred by the other party. K.S.A. 59-2214 uses the term "costs" in discussing the taxation of a decedent's estate.

It is unclear whether the court was discussing attorney fees as "costs" under K.S.A. 59-2214. Most of the language the Supreme Court quoted from the trial court's decision discusses a "frivolous action" and "good faith." 239 Kan. at 20. Nowhere does the Supreme Court state that the term "costs" in K.S.A. 59-2214 refers to attorney fees, especially those of a losing litigant. Thus, *Kern* lends no support to the argument that K.S.A. 59-2214 is statutory authority for the award of attorney fees to Krigel & Krigel.

Krigel & Krigel cites to several cases in support of their argument that the district court did not err in awarding them attorney fees under K.S.A. 59-2214. No case can be found that allowed attorney fees under K.S.A. 59-2214 to be awarded to a losing litigant in a case involving a decedent's estate. The only case that allowed attorney fees as costs under this statute was *State Department of Social Welfare v. Emert*, 205 Kan. 393, 395, 469 P.2d 435 (1970).

In *Emert*, the attorney fees that were assessed were those of the administrator. The probate court assessed the cost of administering a no-asset estate to a creditor who had petitioned for administration of the estate. The Supreme Court held that the probate court may, in its sound discretion, charge the cost of administering a no-asset estate to a creditor who petitioned for administration. 205 Kan. at 395. The court concluded that reasonable attorney fees are proper items of cost of administering a decedent's estate. 205 Kan. at 395.

Krigel & Krigel is not responsible for administering the estate. A special administrator was appointed to handle the estate. The administrator of Marshall's estate has already been paid $23,137.50 in fees for services through January 18, 2000. Administration fees are not the same as attorney fees of the losing litigant in a probate proceeding.

The allowance of attorney fees and expenses is a matter of public policy to be determined by the Kansas Legislature. *DeSpiegelaere*, 24 Kan. App. 2d at 552. Absent express statutory authority, the trial court cannot order Marshall's estate to be taxed with a portion of J'Noel's attorney fees. The district court erred in awarding attorney fees to Krigel & Krigel pursuant to K.S.A. 59-2214.

Joe next argues that while K.S.A. 59-1504 is the controlling statute, the district court erred in construing this statute to allow attorney fees to be awarded directly to the attorneys of the losing party who is not an heir at law. This question requires that this court interpret K.S.A. 59-1504, and, therefore, the standard of review is plenary. *Walker*, 26 Kan. App. 2d at 411.

K.S.A. 59-1504 states in pertinent part:

"Any heir at law or beneficiary under a will who, in good faith and for good cause, successfully prosecutes or defends any other action for the benefit of the ultimate recipients of the estate may be allowed his or her necessary expenses, in the discretion of the court, including a reasonable attorney's fee."

The allowance of attorney fees in probate cases is governed by K.S.A. 59-1504. *In re Estate of Mildrexter*, 25 Kan. App. 2d 834, 838, 971 P.2d 758, *rev. denied* 267 Kan. 888 (1999). The clear language of the statute indicates that four requirements must be met before attorney fees may be recovered: (1) The party who may be allowed the fees by the court must be an heir at law or a beneficiary under a will; (2) the party must have exercised good faith and have had a good cause for incurring such fees; (3) the party must be successful in his or her action; and (4) the action must ultimately benefit the recipients of the estate. When the requirements are met, the court must exercise its discretion to allow fees. K.S.A. 59-1504.

An application of these four requirements to the facts surrounding this case reveals that Krigel & Krigel is not entitled to attorney fees under K.S.A. 59-1504.

Krigel & Krigel submitted an application for fees with the district court in the amount of $61,191.42. Joe argues that Krigel & Krigel had no standing to file the application for an allowance of attorney fees because Krigel & Krigel was not a party to the summary judgment proceedings and is not an heir at law to Marshall.

The Kansas Supreme Court has held that under the first paragraph of K.S.A. 59-1504, attorney fees are to be awarded to the person who defends or opposes the probate of a will and not to the attorneys. *In re Estate of Robinson II*, 236 Kan. 431, 436-37, 690 P.2d 1383 (1984). The statute states that fees shall be paid to "such person." K.S.A. 59-1504.

The language that concerns the case before this court is in the second paragraph of K.S.A. 59-1504. This portion of the statute does not state that "such person" shall be allowed fees. However, the relevant language does state that any heir at law or beneficiary under the will may be allowed his or her necessary expenses, including a reasonable attorney fee. K.S.A. 59-1504. Thus, from the language of the statute, the person who should request such fees would be the heir-at-law or the beneficiary under the will and not the attorneys directly. We further conclude that Krigel & Krigel lacked standing to request an allowance of fees.

Even if Krigel & Krigel could make a direct application for attorney fees, the award was still improper because J'Noel was not found to be an heir-at-law to Marshall. The district court specifically found that J'Noel is not Marshall's surviving spouse under Kansas law. We reversed that finding and remanded for further proceedings, with directions. Whether J'Noel is or is not an heir is yet to be determined.

Joe argues that J'Noel lacks good faith because J'Noel prepared a waiver of inheritance rights prior to her marriage and with this litigation has dishonored this document. The trial court ruled on the waiver issue, and we concluded in the companion case that the trial court's ruling was the law of the case, since Joe did not appeal that ruling.

The court found that J'Noel had been successful in avoiding dismissal on one of the two grounds advanced by Joe, *i.e.*, the waiver of marital rights. The court granted Krigel & Krigel an allowance of fees for work done on this issue. In *In Re Estate of Robinson I*, 232 Kan. 752, 756, 659 P.2d 172 (1983), the Supreme Court discussed the word "success" as it relates to language in another portion of K.S.A. 59-1504. The court stated that Webster's New World Dictionary, Second College Edition (1974), defines "success" as a " 'favorable or satisfactory outcome or result.' " 232 Kan. at 756. The court found that " 'success' " in the context of the statute, refers to the "ultimate resolution of the issue." 232 Kan. at 756.

As of this ruling J'Noel has not been successful, but neither has Joe.

In addition, as to the fourth requirement, it cannot be said that the litigation was for the benefit of the ultimate recipient of the estate.

The district court erred in alternatively awarding attorney fees to Krigel & Krigel pursuant to K.S.A. 59-1504. The propriety of any fee award may be resubmitted and redetermined at the conclusion of the estate case.

Reversed.