**David E. STRANGE, Plaintiff,**

v.

**James R. JAMES, Judicial Administrator, and the State of Kansas, Defendants.**

**Civ. No. T–4713.**

United States District Court,
D. Kansas.

March 5, 1971.

John E. Wilkinson, Topeka, Kan., for plaintiff.

Ernest C. Ballweg, Asst. Atty. Gen., Topeka, Kan., for defendants.

Before HILL, Circuit Judge, and TEMPLAR and THEIS, District Judges.

HILL, Circuit Judge.

Plaintiff, Strange, brings this action before a three-judge panel of the United States District Court and asks the court to declare K.S.A.1970 Supp. 22–4513 unconstitutional and to enjoin its enforcement.[1]

The statute in question is a provision under the Kansas Aid to Indigent Defendants Act which, in brief, provides that whenever any state expenditure is made under the Act to provide counsel or other defense services to any indigent defendant, the defendant shall be liable to the State of Kansas for a sum equal to such expenditure, and such sum shall be recovered, if necessary, by entering the amount of the expenditure on the judgment docket as a judgment against the defendant.[2]

The procedural facts of the case are stipulated, and those material to our disposition are as follows: Plaintiff was arrested and charged with first degree robbery under Kansas law. At his arraignment before a magistrate, he advised that official of his attempt to retain counsel and the hearing was continued. Thereafter, plaintiff appeared before the magistrate and indicated his need for representation and his willingness to accept court appointed counsel. The magistrate found that plaintiff was without funds to employ counsel and did appoint counsel pursuant to the Aid to Indigent Defendants Act. Thereafter,

plaintiff again appeared before the magistrate, with his court appointed counsel, and the original charge was reduced to the charge of pocket picking. Plaintiff was bound over to the Shawnee County District Court for trial and that court found the plaintiff to be financially unable to employ counsel and formally appointed counsel to represent plaintiff in that court. Plaintiff subsequently entered a voluntary plea of guilty which was accepted by the court, the imposition of sentence was suspended and plaintiff was placed on probation for a period of three years.

Thereafter, plaintiff's court appointed counsel made application for payment from the State Aid to Indigent Defendants Fund for services rendered. Then, for the first time, Section 22–4513 came to the attention of plaintiff and his court appointed counsel. The state paid $500 to plaintiff's court appointed counsel out of the fund, and pursuant to Section 22–4513 the Kansas Judicial Administrator requested plaintiff to reimburse the state within sixty days or a judgment in like amount would be docketed against plaintiff.

At the outset, we are confronted with defendants' motion to dismiss wherein defendants contend that plaintiff should assert his claim in a state court and that plaintiff will have the opportunity to present his claim to the state court when the state proceeds to enforce the judgment. We construe defendants' motion

1. The Kansas Aid to Indigent Defendants Act, which includes the provision in question, has been recently recodified into K. S.A.1970 Supp. 22–4501 through 22–4515. When plaintiff commenced this action, Section 22–4513 was codified as K.S.A. 62–3113 (1969 Supp.). Hereafter reference will be made to the 1970 recodification.

2. K.S.A.1970 Supp. 22–4513 in pertinent part reads: "Whenever any expenditure has been made from the aid to indigent defendants fund to provide counsel and other defense services to any defendant, as authorized by section 10 [62–3110], such defendant shall be liable to the state of Kansas for a sum equal to such expenditure, and such sum may be recovered

from the defendant by the state of Kansas for the benefit of the fund to aid indigent defendants. * * *

"Should the sum demanded remain unpaid at the expiration of sixty (60) days after mailing the notice, * * * clerk shall enter the total amount thereof on his judgment docket and said total amount, together with the interest thereon at the rate of six percent (6%) per annum, from the date of the expenditure thereof until paid, shall become a judgment in the same manner and to the same extent as any other judgment * * *. None of the exemptions provided for in the code of civil procedure shall apply to any such judgment, but no such judgment shall be levied against a homestead. * * *"

as a suggestion that this court abstain from deciding this case. However, on the authority of Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), we decline to abstain.[3] There is no lack of clarity in the state law and, as shall become apparent below, the statute is incapable of a narrowing construction which would render it constitutional.

Plaintiff's most appealing contention is that enforcement of Section 22–4513 infringes upon his right to assistance of counsel because the statute has a chilling effect on the exercise of the right to counsel. Conversely, the question may be put whether the continued viability of the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799 (1963), requires the state to provide free court appointed counsel to those accuses who, like plaintiff, are financially unable to employ an attorney.

Beyond question, the Kansas statute deters indigents from exercising their right to the assistance of counsel. The statute most assuredly puts the accused in the position of deciding whether he can afford to consult even with court appointed counsel. In practical effect, this statutory condition on an indigent accused's acceptance of court appointed counsel returns the indigent accused to the lawyerless position he occupied prior to the decision in Gideon v. Wainwright, supra. For if an accused has not the means to hire an attorney in the first instance, he will not be in a position to accept court appointed counsel when it merely means that he has at most ninety days grace in paying the cost of legal services rendered on his behalf.

The Supreme Court of California has been confronted with essentially the same situation. In that state it was the practice, as a condition to probation, an indigent had to agree to repay the state for the cost of court appointed counsel. The California court held, In Re Allen, 71 Cal.2d 388, 78 Cal.Rptr. 207, 455 P.2d 143 (1969), that such a burden or condition upon the exercise of the right to counsel is unconstitutional. As was aptly stated on page 144 in that decision, 78 Cal.Rptr. on page 208, 455 P.2d 144, "[W]e believe that as knowledge of this practice has grown and continues to grow many indigent defendants will come to realize that the judge's offer to supply counsel is not the gratuitous offer of assistance that it might appear to be * * *. This knowledge is quite likely to deter or discourage many defendants from accepting the offer of counsel despite the gravity of the need for such representation as emphasized by the court in *Gideon*, * * *. The government is without constitutional authority to impose a predetermined condition on the exercise of a constitutional right or penalize in some manner its use."

As was observed by the California court in Allen, supra, it is well settled that a statutory provision that conditions and thereby deters the exercise of constitutional rights may for that reason be unconstitutional, particularly when the hurdle that must be cleared to avail oneself of a fair criminal adjudication is financial and applies unevenly to indigents.[4] In United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), the Supreme Court considered the validity of a statute whose inevitable effect was to discourage assertion of the Fifth Amendment right not to plead guilty and to deter the exercise of the Sixth Amendment right to demand a jury trial. The court said, supra at 581–582, 88 S.Ct. at 1216: "If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those

---

3. *Cf.* Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970).

4. *E. g.,* Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966); Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955).

who choose to exercise them, then it would be patently unconstitutional." And if the legislative objective is other than to deter the exercise of rights, the objective "[C]annot be pursued by means that needlessly chill the exercise of basic constitutional rights. * * * The question is not whether the chilling effect is 'incidental' rather than intentional; the question is whether that effect is unnecessary and therefore excessive."

■ We must conclude that Section 22–4513 is unnecessary and therefore excessive. What can be more unnecessary than trying to recoup costs of counsel from an individual already adjudged to be an indigent and by definition unable to stand the very expense in question? In this light it is apparent that the statute needlessly encourages indigents to do without counsel and consequently infringes on the right to counsel as explicated in Gideon v. Wainwright, supra.

■ Since we believe that the statute in its present form is a needless burden or condition on the exercise of a constitutional right, our attention now turns to whether the statute can be construed in any way to eliminate its chilling effect. In answer to this question, it appears that as long as the statute in any way requires the indigent to repay the state for legal services, the statute will remain as an unconstitutional burden to the exercise of constitutional rights, as those rights were laid out in Gideon v. Wainwright, supra.

Unquestionably the guiding principle behind the Gideon decision was, "The financial ability of the individual has no relationship to the scope of the [constitutional] rights [to counsel] involved here." Miranda v. Arizona, 384 U.S. 436, 472, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966). It is safe to say that the right to counsel is absolute and should not be fettered by the poverty of the accused because, as was indicated in Miranda v. Arizona, supra, the right to counsel does not mean that a defendant can consult with a lawyer only if he has the funds to obtain one. To maintain unimpaired the concept embodied in the Gideon decision, it appears necessary that the state pay for the indigent's legal counsel when the defendant cannot afford the cost. Anything less appears to be an impermissible impediment to the exercise of a constitutional right.

An examination of the Gideon decision must begin with the Supreme Court's declaration that, "[A]ny person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is *provided* for him."[5] Relying on that self-evident statement, the Supreme Court went on to hold that the Constitution requires that counsel must be provided in state trials for those accused too poor to provide their own counsel. Unquestionably the reasoning and decision in Gideon would be hollow verbiage if an indigent accused could be offered or "provided" counsel in such a way as to assure that he will reject court appointed counsel. But that is the effect of the Kansas statute when it extends counsel to an indigent accused under conditions making it unlikely that the accused will accept counsel.[6]

■ To this court, it is beyond question that the indigent's right to counsel as explicated in Gideon and the larger assurance of a fair trial implicit therein will not long endure unless the state provides counsel in a manner designed to assure that the indigent accused will in fact have counsel to represent him. Moreover, it is difficult if not impossible to see how the state can meet this obligation and at the same time provide for the recovery of legal expenses from

5. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963) (emphasis added).

6 "Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436, 491, 86 S.Ct. 1602, 1636, 16 L.Ed.2d 694 (1966).

**1234**

indigents. Hence any construction of the Kansas statute which leaves intact the state's right to recover legal expenses from indigents is a construction which inevitably impinges upon and undermines the rights protected in Gideon.

There is no doubt that the holding in Gideon requires that an indigent defendant be provided counsel at the expense of the state. Mr. Justice Harlan, upon discussing another problem in his dissent to Desist v. United States, 394 U.S. 244, 268, 89 S.Ct. 1030, 1044, 22 L.Ed.2d 248 (1968), capsulized Gideon as having "already established the proposition that the State must provide free counsel to indigents at the criminal trial." Numerous state high courts have extrapolated from the right to counsel the principle that an indigent is entitled to have counsel appointed to conduct his defense at the expense of the people.[7] The Supreme Court of New Hampshire squarely faced the problem we face here and struck down its statute on the authority of both the decisions of the United States Supreme Court and on the authority of the state constitution which, like the Sixth Amendment, provides for the absolute right to counsel.[8] Consequently, we believe that the inevitable effect of the Kansas statute which in anywise seeks to recover defense costs from indigents is to unconstitutionally burden and suppress the exercise of the constitutional right to counsel.

Defendants argue that the facts in this case do not disclose that plaintiff was deterred from accepting court appointed counsel insofar as plaintiff actually did accept court appointed counsel. However, whether the accused in this case accepted or rejected counsel does not remove the fact that the provision for recovering legal expenses is a burden and condition on the exercise of the right to counsel and thereby has some chilling effect on the exercise of the right. The defendants also contend that the Kansas statute has a parallel in the Criminal Justice Act, 18 U.S.C. § 3006A(f). Even if this is an accurate appraisal of the Federal statute, it is not relevant since we are not called upon to consider the validity of the Criminal Justice Act.

Finally, defendants' analogy between the recovery of appointed counsel's fee and the state's permissible recovery of the cost of a criminal prosecuton fails because regarding the state's permissible recovery of the latter costs, there is no constitutional right analogous to the right to counsel which is infringed.

We conclude that K.S.A.1970 Supp. 22–4513 is unconstitutional and an injunction will issue against its enforcement.

7. *E. g.*, Anderson v. State, 3 Md.App. 362, 239 A.2d 579 (1968); People v. LeMarr, 1 Mich.App. 389, 136 N.W.2d 708 (1965); State v. Holiday, 182 Neb. 410, 155 N.W. 2d 378 (1967); State v. Rush, 46 N.J. 399, 217 A.2d 441 (1966); Commonwealth v. Johnson, 428 Pa. 210, 236 A.2d 805 (1968).

8. Opinion of the Justices, 256 A.2d 500 (N.H.1969).