(988 P.2d 283)

No. 80,898

TONY F. WALKER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 27, 1999.

*Karen Eager*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Lois K. Malin*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and PADDOCK, S.J.

ELLIOTT, J.: After sentencing, Tony F. Walker sought to withdraw his guilty plea to robbery. The trial court denied his K.S.A. 60-1507 petition following a full evidentiary hearing. Finding Walker did not bring the action in good faith, the trial court assessed court costs and attorney fees for appointed counsel.

Walker appeals, and we affirm in part and reverse in part.

Here, the record in the criminal case demonstrates the State possessed overwhelming evidence that Walker was guilty of aggravated robbery. His own statements to police supported conviction. He was convicted pursuant to plea bargains in two other counties of charges arising from similar robberies involving the same chain of stores. In light of the record, Walker's plea agreement was so advantageous that accepting it would have been the only reasonable course for a defendant who was fully informed of the nature of the charges, the State's evidence, and the consequences of the plea.

Regardless of whether Walker had an adequate opportunity to study the police report, he would either have pled to robbery, a level 5 person felony, or been convicted of aggravated robbery, a level 3 person felony, or robbery. He might have been worse off, but he would not have done better.

The trial court did not err in denying Walker's motion to withdraw his plea.

Walker also contends the trial court erred in ordering him to pay attorney fees for his appointed counsel. Both parties characterize the cost as attorney fees rather than as an obligation to reimburse the State for funds expended on his behalf.

A court lacks authority to assess attorney fees under its equitable powers absent statutory authority. *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905-06, 908 P.2d 1329 (1995). Here, whether the trial court had the authority to impose attorney fees is a question of law; our review is plenary. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

Neither K.S.A. 1998 Supp. 60-211 nor the former K.S.A. 60-2007 (repealed effective July 1, 1997, see L. 1997, ch. 173, § 38) addresses taxing an indigent party with the cost of his or her court-appointed counsel. The State concedes the trial court lacked statutory authority to impose the fees on the specific ground the motion was frivolous, but argues the trial court reached the right result because the fees may be imposed as part of court costs. The State relies on *State v. Fought*, 14 Kan. App. 2d 17, 18-19, 781 P.2d 742, *rev. denied* 245 Kan. 783 (1989), where we held that ordinary costs—there the docket fee—could be assessed against an indigent incarcerated 60-1507 movant.

Nothing in K.S.A. 1998 Supp. 60-2001(d), however, specifically authorizes taxing Walker for the reimbursement of his own court-appointed attorney fees. Usually, when attorney fees are to be included as part of costs, a statute explicitly includes them. See, *e.g.*, K.S.A. 61-2709(a) (appeal from small claims court); K.S.A. 1998 Supp. 60-1610(b)(4) (costs and attorney fees in divorce action); K.S.A. 1998 Supp. 60-2006(a) (motor vehicle negligence cases).

These statutes, though, refer only to the shifting of an adversary's attorney fees; they do not address liability for the expense of court-appointed counsel for a 60-1507 petitioner, an anomaly created by the right to counsel in a civil action collaterally attacking a criminal conviction.

The right to counsel in a civil proceeding to terminate parental rights is somewhat similar. The Kansas Code for Care of Children specifically provides that fees for appointed counsel may be taxed against any interested party, including the indigent parent entitled to counsel. K.S.A. 1998 Supp. 38-1511(b), (c)(2). We can find no comparable statute authorizing taxation of public defender fees to the 1507 petitioner.

The trial court does have statutory authority to require a criminal defendant to reimburse the Board of Indigents' Defense Services (BIDS) for the cost of his or her defense. K.S.A. 1998 Supp. 22-4513, effective July 1, 1997. See L. 1997, ch. 181, § 23. Prior to the amendment, BIDS could request reimbursement by motion. See K.S.A. 22-4513.

Absent express statutory authority, we hold the trial court cannot order an unsuccessful 60-1507 petitioner to reimburse the attorney fees paid to his or her court-appointed counsel.

The trial court did not err in assessing court costs of $66.50 against Walker.

Affirmed in part and reversed in part.