(24 P.3d 747)

No. 85,484

RONALD S. HERRON, *Plaintiff/Appellee,* v. GABBY'S GOODIES and LYLE D. FRAZEE, *Defendant,* and KANSAS CRIME VICTIMS COMPENSATION BOARD, *Nonparty Lien Holder/Appellant.*

Opinion filed May 4, 2001.

*Hsingkan Chiang,* assistant attorney general, and *Carla J. Stovall,* attorney general, for appellant.

*Gregory G. Lower* and *Kevin T. Stamper,* of Cassell & Lower, L.L.C., of Wichita, for appellee.

Before GERNON, P.J., GREEN and BEIER, JJ.

GERNON, J.: The Crime Victims Compensation Board (Board) appeals a district court's determination that its subrogation lien should be reduced proportionally to adjust for attorney fees paid by the claimant in recovering damages from the offender.

Ronald S. Herron, a pedestrian, was injured when a vehicle driven by Lyle D. Frazee and owned by Gabby's Goodies struck him. Frazee was driving while intoxicated. Herron sued Frazee and Gabby's Goodies and applied to the Kansas Crime Victims Compensation Board for compensation. He was awarded $25,000.

Herron later settled his lawsuit for $178,925. After all expenses and attorney fees were paid, he had $36,390.30 remaining. The Board made demand, Herron requested a reduction of the lien, and the Board agreed to accept half of Herron's net recovery, or $18,195.15, which was a waiver, in its view, of any monies it received less than the $25,000 it had awarded.

Herron, not satisfied with the compromise, filed a motion for determination of the lien, arguing that the Board should shoulder some of the expense of recovering damages and that the district court had equitable powers to allocate attorney fees. The Board responded that the applicable statute, K.S.A. 74-7312, allowed attorney fees only when the claimant proceeds as trustee of the State at the Board's request. The district court, reading the statute to permit an allowance of attorney fees, ordered the lien reduced to 65 percent of the original $25,000, or $16,250, with the balance considered the Board's share of attorney fees. The Board appeals.

By statute, the Board is subrogated to a claimant's rights to recover benefits from a collateral source to the extent of an award. See K.S.A. 74-7312. The Board contends the district court erred in reducing its subrogation interest to allow for Herron's attorney fee expenses in recovering a judgment against the defendants. The Board argues that subrogation rights are defined by statute, and the statute explicitly provides for allowance of attorney fees when the Board requests that the victim bring suit on behalf of the State. Consequently, the Board argues the statute precludes shifting of attorney fees under other circumstances. The district court ruled that the Board's lien could be reduced by its share of attorney fees because the statute does not state that attorney fees are not allowable under other scenarios. We agree with the Board and reverse.

Interpretation of a statute is a question of law over which this court's review is unlimited. *Walker v. State*, 26 Kan. App. 2d 410, 411, 988 P.2d 283, *rev. denied* 268 Kan. 896 (1999). The intent of the legislature governs if that intent can be ascertained. When a statute is unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law ought to be. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). K.S.A. 74-7312 provides:

"(b) As a prerequisite to bringing an action to recover damages related to criminally injurious conduct upon which compensation is claimed or awarded, the claimant must give the board prior written notice of the proposed action. After receiving the notice, the board shall promptly: (1) Join in the action as a party plaintiff to recover compensation awarded; (2) require the claimant to bring the action in the claimant's individual name, as a trustee in behalf of the state, to recover compensation awarded; or (3) reserve its rights and do neither in the proposed action. *If*, as requested by the board, *the action is brought by the claimant as trustee* and the claimant recovers compensation awarded by the board, the claimant may deduct from the compensation recovered in behalf of the state the reasonable expenses, including attorney fees, allocable by the court for that recovery." (Emphasis added).

The inclusion of one thing implies the exclusion of another, so we can presume that when the legislature expressly includes certain items, it intends to exclude any items not included. *Killman*, 264 Kan. at 42. Accordingly, we can presume that by expressly providing for the allowance of attorney fees under one circumstance, the legislature intended for the claimant to bear the litigation expenses under other circumstances. Thus, the district court erred in ruling that the statute permitted the allowance of attorney fees.

Herron cites *Quesenbury v. Wichita Coca Cola Bottling Co.*, 229 Kan. 501, 504, 625 P.2d 1129 (1981), as authority for the proposition that he is entitled to an equitable allowance for attorney fees on the subrogated portion of the judgment in the absence of an express statutory prohibition. *Quesenbury* holds that an equitable allowance of fees attributable to a subrogated interest may be appropriate where the facts justify it. It also suggests that equitable apportionment is not appropriate on the facts of this case.

Although the *Quesenbury* court concluded that equity might permit such an allowance, it reversed the trial court's order requiring the insurance company to pay the attorney fees attributable to its subrogated interest. Consistent with the principles of equitable relief, the party seeking equity has the burden of establishing sufficient facts to justify the allowance. 229 Kan. at 504.

Here, the Board undisputedly did not participate in the action. K.S.A. 74-7312(b) requires the recipient of an award to give notice before filing suit. At that point, the Board can elect to join in the suit, require the claimant to bring the suit as trustee on behalf of

the State, or reserve its rights and do nothing. K.S.A. 74-7312(b). Where the State has been given the option of joining and instead opts to allow the claimant's attorney to proceed on its behalf, the Board has effectively employed the claimant's attorney and allocation of fees makes sense.

Herron concedes that he did not comply with the statute by giving the Board notice before filing suit. He explains that he could not have done so because he filed suit before the Board took note of his claim. Herron attaches a copy of the application as an appendix to his brief. Documents included in an appendix will not substitute for the record on appeal. See *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 383, 988 P.2d 263 (1999).

Herron further notes that the Board had notice from the application that he was represented by counsel. Regardless of his having counsel, Herron's failure to give the Board notice before filing suit effectively prevented the Board from asking Herron to proceed as trustee of the State and hindered the Board's ability to protect its own interest early on. While the Board obviously became aware of the suit months before the settlement and might have been able to intervene, Herron is clearly not innocent of error or wrongdoing. He is in a weak position to seek equity when his omission has deprived the Board of the option to protect its own interest from the beginning.

Furthermore, the argument may be made that the 35 percent contingency fee Herron's attorneys are claiming is disproportionate to the work required to recover a judgment for insurance policy limits, particularly where the tortfeasor's conduct was criminal and where Herron's economic losses alone far exceed the settlement.

The Board made an interest-free loan with no guarantee of repayment and seeks to recover the money in order to make it available to another crime victim in need. Instead of accepting a compromise from the Board which reduced the recovery the Board might be entitled to, Herron placed the compromise aside and decided to risk putting the Board in a position in which it was forced to argue that the statute is plain and should be strictly construed. The risk to Herron was that the Board would recover the

entire amount of the award, $25,000. Since we agree with the Board's interpretation of the statute, the risk of appeal is going to fall harshly on Herron.

Reversed and remanded for determination of the amount of the Board's lien.