(109 P.3d 185)
No. 91,875

STATE OF KANSAS, *Appellee*, v. TIMOTHY ROBINSON, *Appellant*.

Opinion filed April 1, 2005.

*Shawn Minihan*, assistant appellate defender, for appellant.

*Bobby J. Hiebert, Jr.*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MALONE and GREENE, JJ.

HILL, P.J.: Timothy Robinson appeals his convictions of possession of marijuana and drug paraphernalia, claiming his right to confront witnesses was violated when the trial court allowed his confession to be admitted into evidence. Because the Confrontation Clause of the United States Constitution deals with witnesses against a defendant and the cases dealing with the topic look at out-of-court statements made by those witnesses, not confessions, we conclude that Robinson has no constitutional right to confront himself. Also, since Robinson failed to object to the admission of his confession and even used it in his defense, we find no error in his confession being admitted.

Furthermore, Robinson complains that when the trial court taxed $745 in attorney fees as well as a $50 administrative fee as costs in his case, it failed to first consider his financial resources before they were taxed. Because the reimbursement statute, K.S.A. 2004 Supp. 22-4513(b), permits the defendant *at any time* to petition the court to waive all or part of these costs and Robinson has not done so, we conclude he has not been prejudiced by the entry of this amount and his appeal on this point is premature. Accordingly, we affirm.

*Background*

The circumstances of Robinson's arrest are undisputed. Timothy Robinson was standing in the apartment of Marshall Matthews when law enforcement officers came to execute a search warrant. After entering the apartment, the officers detected a strong odor of burnt marijuana. They observed a partially burnt marijuana cigar positioned on top of open digital scales, an open box of cigars, and

a pair of scissors. Continuing their search of the apartment, officers found other drug items.

Robinson was advised of his *Miranda* rights and was taken to the police station. He waived his rights under *Miranda* and agreed to speak with the officers. Robinson stated that he and Matthews had shared the marijuana "blunt" found on top of the digital scales and had smoked it inside of Matthews' residence.

Because of his prior conviction for marijuana possession, Robinson was charged with felony possession of marijuana. He was also charged with misdemeanor possession of drug paraphernalia. At trial, Robinson's statements to the police were admitted. After being found guilty of both charges, Robinson was sentenced to 17 months' incarceration for felony possession of marijuana and 90 days in jail for misdemeanor possession of drug paraphernalia. He was placed on probation.

*Issues*

Robinson raises two issues. First, he claims that the introduction at trial of his statements to the police violated the Confrontation Clause of the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights, requiring this court to reverse his conviction and remand for a new trial. Second, Robinson complains the district court imposed $745 in attorney fees and a $50 administrative fee in contravention of K.S.A. 2004 Supp. 22-4513(b) because it failed to consider his financial resources or the burden imposed by such a payment before ordering him to pay.

*Confrontation Clause*

Robinson asserts that a recent United States Supreme Court decision, *Crawford v. Washington,* 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), provides support for his claim. In *Crawford,* the trial court had admitted hearsay statements of the defendant's spouse made to the police after the spouse became unavailable to testify when her husband invoked the spousal privilege. After finding that such communications were the type of evidence that the Confrontation Clause was meant to eliminate, the court found that the old rules regarding the reliability of evidence could not vitiate the constitutional right to confrontation and ruled the

admission of the out-of-court statements violated the Confrontation Clause. 541 U.S. at 50-51.

We do not think *Crawford* helps Robinson in any way. Our Supreme Court has explained that "*Crawford* overruled *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980), in part and reinforced the necessity of a prior opportunity for confrontation through cross-examination to protect criminal defendants forced to combat hearsay from prosecution witnesses." *State v. Carter,* 278 Kan. 74, 78-79, 91 P.3d 1162 (2004). The court summarized the *Crawford* holding as providing that "witnesses' out-of-court statements that are testimonial are barred under the Confrontation Clause unless (1) the witnesses are unavailable and (2) the defendants had prior opportunity to cross-examine those witnesses." *State v. Meeks,* 277 Kan. 609, 614, 88 P.3d 789 (2004).

We do not think Robinson has a constitutional right to confront himself. Robinson's statements to the police constituted the disputed testimony. The testimony was *not* an out-of-court statement made by a prosecution witness for which Robinson was entitled to the protection afforded by the Confrontation Clause. His statement was a confession. See, *e.g.,* K.S.A. 2004 Supp. 60-460(f) (previous statement made by the accused may be admitted if the judge finds that the accused "[1] when making the statement was conscious and was capable of understanding what [he or she] said and did and [2] was not induced to make the statement").

Nevertheless, Robinson contends that he was unable to defend himself against his own statement without also relinquishing his Fifth Amendment privilege against self-incrimination. He insists that this situation violated the doctrine of unconstitutional conditions. In other words, he would have to give up a right to gain a right:

" 'The doctrine of unconstitutional conditions holds that government may not grant a benefit on the condition that the beneficiary surrender a constitutional right, even if the government may withhold that benefit altogether. It reflects the triumph of the view that government may not do indirectly what it may not do directly over the view that the greater power to deny a benefit includes the lesser power to impose a condition on its receipt.' Sullivan, *Unconstitutional Conditions,* 102 Harv. L. Rev. 1413, 1415 (1989)." *Mueller v. State,* 28 Kan. App. 2d 760,

766, 24 P.3d 149, *rev. denied* 271 Kan. 1037 (2001), *cert. denied* 535 U.S. 997 (2002).

This doctrine is illustrated in *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968), where the defendant had moved to suppress from evidence a suitcase containing incriminating items. He testified that he owned the seized items during the suppression hearing. The defendant's admissions, made at the suppression hearing, were later admitted at his trial. On appeal, the defendant argued that it was error to admit his testimony because his statement of ownership connected him to the crime. The Supreme Court agreed, stating that the defendant "was obliged to either give up what he believed, with advice of counsel, to be a valid Fourth Amendment claim or, in legal effect, to waive his Fifth Amendment privilege against self-incrimination." 390 U.S. at 394. The Court held that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection." 390 U.S. at 394.

There were no "unconstitutional conditions" here such as those found in *Simmons.* Robinson waived his right to remain silent with the police and then did not object when his statements were used to prove his crime. At the trial, the officer testified that Robinson indicated that he understood his *Miranda* rights before he waived them and agreed to speak with law enforcement. Moreover, the defense elicited further testimony regarding Robinson's statements during cross-examination of the officer.

The Confrontation Clause of the United States Constitution does not apply when a court is dealing with a defendant's confession. An elaborate body of law affording many safeguards to the accused has grown over the years as courts have construed the Fifth Amendment privilege against self-incrimination. A thorough system of warnings and procedures has developed as a result of court decisions and the enactment of statutes dealing with confessions. Therefore, the rule in *Crawford v. Washington* does not apply to confessions.

Furthermore, Robinson's failure to object means he failed to preserve this issue for appeal. See *State v. Diggs,* 272 Kan. 349,

365, 34 P.3d 63 (2001); see also K.S.A. 60-404 (timely objection stating specific ground required). Where a defendant fails to object to the introduction of a confession, this court has no obligation to become a finder of fact and make a determination of voluntariness where no record on the issue exists. *State v. Bornholt,* 261 Kan. 644, 653, 932 P.2d 964 (1977); see also *State v. Daniels,* 278 Kan. 53, 66, 91 P.3d 1147, *cert. denied* 125 S. Ct. 485 (2004). We see no error here.

*Attorney Fee Assessment*

According to K.S.A. 2004 Supp. 22-4513(a) and (b), the district court must order every convicted criminal defendant to reimburse the State Board of Indigents' Defense Services (BIDS) for expenditures for counsel and other defense expenses. See *Walker v. State,* 26 Kan. App. 2d 410, 412, 988 P.2d 283, *rev. denied* 268 Kan. 896 (1999).

K.S.A. 2004 Supp. 22-4513(a) and (b) provide:

"(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment."

Similar language is also found in K.S.A. 2004 Supp. 21-4603d(i), which deals with authorized dispositions: "In addition to any [authorized disposition], the court shall order the defendant to reimburse the state general fund for all or a part of the expenditures by the state board of indigents' services to provide counsel and other defense services to the defendant," and K.S.A. 2004 Supp. 21-4610(d)(3), which governs conditions of probation: "(d) In ad-

dition to any other conditions of probation, . . . the court shall order the defendant to . . . (3) reimburse the state general fund for all or part of the expenditures by the state board of indigents' defense services, . . . ." Both statutes have the same waiver provisions as that set out in K.S.A. 2004 Supp. 22-4513(b) above. We find no cases that interpret any of these revised statutes.

Since we are called upon to interpret 22-4513, a review of the rules of statutory construction is instructive. "Interpretation of a statute is a question of law, and an appellate court's review is unlimited. [Citation omitted.]" *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

"As a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]" *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002).

"Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001). " 'In construing statutes and determining legislative intent, several provisions of an act *in pari materia* must be construed together with a view of reconciling and bringing them into workable harmony if possible.' [Citation omitted.]" *State v. Huff*, 277 Kan. 195, 203, 83 P.3d 206 (2004).

This reimbursement statute has a long history of controversy. The language of K.S.A. 2004 Supp. 22-4513 has been closely examined under the judicial lens many times. In *Strange v. James*, 323 F. Supp. 1230, 1233 (D. Kan. 1971), the district court ruled K.S.A. 1970 Supp. 22-4513 unconstitutionally chilled the exercise

of the right to counsel because it automatically required the indigent criminal defendant to repay the State for legal services. This statute was ultimately struck down by the United States Supreme Court on equal protection grounds in *James v. Strange*, 407 U.S. 128, 141-42, 32 L. Ed. 2d 600, 92 S. Ct. 2027 (1972). The statute was then amended so that all civil exemptions applied to the criminal judgment debtor. See L. 1981, ch. 157, sec. 2.

Next came *Olson v. James*, 603 F.2d 150 (10th Cir. 1979), where the 10th Circuit Court of Appeals was required to resolve conflicting district court rulings on the constitutionality of K.S.A. 1978 Supp. 22-4513. The sole issue presented in *Olson* was whether the unconditional liability of an indigent criminal defendant for legal services provided by the State violated the United States Constitution. The court concluded the statute did indeed violate the due process and equal protection requirements of the Fourteenth Amendment. In so ruling, the court relied upon the ruling of the United State Supreme Court in *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974). In *Fuller*, the Supreme Court held the Oregon recoupment statute constitutional. Repayment under that statute was premised upon four conditions: (1) repayment was imposed only upon convicted defendants; (2) an accounting of the defendant's financial resources and nature of the burden imposed was required to determine the defendant's ability to pay; (3) the defendant could petition for waiver; and (4) the defendant was not to be held in contempt for unintentional default. 417 U.S. at 45-46.

This case history suggests that our present statute was written in an attempt to accommodate at least three of the rulings found in both *Olson* and *Fuller*. First, the statute applies to only convicted defendants for whom counsel was provided. Second, it takes into account the defendant's financial resources and affords a judicial determination of a defendant's ability to pay. Third, the statute gives the defendant an opportunity to petition the court for a waiver of a portion or all of the obligation. Obviously, the legislature intended that those who are convicted reimburse the State as much as is legally possible for the fees and costs.

Therefore, we believe that the sentencing court must first tax, as costs, the amount requested by BIDS and then decide what, if any, amount can be collected. Of course, if at any time (even at the time it is being taxed) the defendant asks, the court must follow the statute and waive all or a portion of the amount taxed as the facts warrant. The inclusion of the waiver language in this statute precludes the trial court from having to make findings before taxation, unlike K.S.A. 21-4607, which has no such waiver provision. This interpretation of the statute gives full and harmonious effect to both subsections (a) and (b). Furthermore, the court is also complying with K.S.A. 2004 Supp. 21-4603d(a) (dealing with authorized dispositions) and K.S.A. 2004 Supp. 21-4610(d)(3) (the statute that governs conditions of probation).

In support of his contention that the court erred in failing to consider his financial resources on the record, Robinson cites the fine statute, K.S.A. 21-4607(3): "In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." The Supreme Court dealt with this language in *State v. McGlothlin,* 242 Kan. 437, 747 P.2d 1335 (1988). The trial court had imprisoned and fined the defendant without making the required findings. The Supreme Court reversed McGlothlin's sentence, stating: "The judge must . . . state on the record that he or she has taken into account the financial resources of the defendant and the nature of the burden that payment of the fine will impose, as required by K.S.A. 21-4607(3)." 242 Kan. at 441; see also *State v. Shively,* 26 Kan. App. 2d 302, 315-16, 987 P.2d 1119 (1999), *aff'd* 268 Kan. 589, 999 P.2d 259 (2000) (case remanded to trial court to make appropriate findings after defendant forced to pay fine in the absence of the trial judge taking into account the financial resources of the defendant and the nature of the burden that payment of the fine imposed).

We distinguish fines from attorney fees. The reimbursement statute, K.S.A. 2004 Supp. 22-4513(a), requires the court to tax against the defendant all expenditures for attorney fees and other defense services, but the imposition of a fine, permitted under K.S.A. 21-4607, is discretionary and is part, if not all, of the sen-

tence imposed by a court for the crime committed. Attorney fees must be assessed in every case where there is a conviction and the State paid, whether the defendant is to be incarcerated or to be placed on probation. The trial court has no discretion here. Subsection (a) directs the court to tax all such expenditures as a judgment against the defendant. After posting this amount in the journal entry, when the court begins to apply the judgment against the defendant and then determines the amount and method of payment under subsection (b), it is required to take into account the defendant's financial resources. The defendant, also under subsection (b), can petition the court at any time (including at the time of imposition) to waive the expense.

In contrast, the fine statute imposes many limitations upon the assessment of fines. K.S.A. 21-4607(1) indicates that a fine shall not be imposed as the sole and exclusive punishment unless circumstances warrant such an imposition. K.S.A. 21-4607(2) prohibits a court from sentencing a defendant to pay a fine in addition to a sentence of imprisonment, probation, or assignment to a community correctional services program unless certain findings are first made. Finally, K.S.A. 21-4607(3) directs the court to take into account the defendant's ability to pay, but the statute has no provision that allows the defendant to "petition the court at any time" to waive a portion or all of the fine. Of course, the trial court eventually loses jurisdiction to modify a sentence that includes a fine. See K.S.A. 2004 Supp. 21-4603(d)(1).

Robinson is asking this court to require all trial courts to determine the defendant's financial resources and expectations in every case *before* taxing attorney fees. This is contrary to the presumption created under subsection (a) of K.S.A. 2004 Supp. 22-4513 and is unworkable. Those indigent felons bound for prison will have few opportunities for payment of such fees during their incarceration. To require such an inquiry before any attempted collection would, in reality, require the trial courts to assess no fees against the convicted defendant, and such a ruling is clearly contrary to the aim of the statute, which is the taxation of the monies expended for defense services upon those who benefit from them. We cannot read out of existence the mandatory language of subsection (a). On

the contrary, we must construe both provisions of the statute and bring them into workable harmony. See *State v. Huff*, 277 Kan. at 203.

Furthermore, for those defendants placed on probation, such as Robinson, the defendant has the opportunity to petition the court to waive any or all of the fees and costs. A defendant knows his or her own financial resources, education, and work background and can present evidence to the court concerning his or her abilities. The trial court would then have the opportunity, after hearing evidence, to make appropriate findings. We, as an appellate court, would then have a record to review.

There is no record here. Robinson presented no evidence on this subject. He neither objected to the fees and costs nor asked the court to waive them. We do not see how Robinson was prejudiced in any way by posting this entry on the journal entry form. His appeal on this issue is premature. If he cannot reimburse, then he must file an appropriate motion under the statute and allow the trial court to judge the matter. The law permits him to file such a motion at any time. An appellate court will not review such determinations until they are final.

Affirmed.

GREENE, J., concurring and dissenting: I concur with that portion of the majority opinion holding that the rule in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), does not apply to confessions. I write separately to respectfully suggest that the majority's interpretation and application of K.S.A. 2004 Supp. 22-4513(b) is erroneous and unconstitutional.

K.S.A. 2004 Supp. 22-4513(b) states:

"In determining the amount and method of payment of such sum [for counsel and other defense services], the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose."

Robinson argues that the district court assessed him $795 without any consideration of his financial resources or the burden that payment would impose upon him. Indeed, any common reading of the statutory provision would support the notion that at the time

of determining the amount and method of payment of such costs against a defendant, the court *shall* consider the burden on the defendant. I believe that this requirement is rooted in the defendant's right to counsel and was intended by our legislature to be applied precisely as urged by Robinson.

The majority notes that the subject provision has "been closely examined under the judicial lens many times," but I respectfully suggest that the majority's interpretation then disregards the thrust of these judicial examinations. Considerable federal litigation has been spawned by challenges to state recoupment statutes of this nature. The chief gravamen of such challenges is that to order recoupment *without regard to financial ability to pay* would have a chilling effect upon the assertion of a defendant's constitutional right to counsel. See, *e.g., Fuller v. Oregon*, 417 U.S. 40, 53-54, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974); see also Walter, *Kansas Recoupment: A Recurring Constitutional Concern*, 19 W.L.J. 38 (1979). The Tenth Circuit has summarized the essential constitutional requirements promulgated by these federal cases as follows:

"Second, *a court should not order a convicted person to pay these expenses unless he is able to pay them* or will be able to pay them in the future considering his financial resources and the nature of the burden that payment will impose. *If a person is unlikely to be able to pay, no requirement to pay is to be imposed.*

"Third, a convicted person on whom an obligation to repay has been imposed ought at any time be able to petition the sentencing court for remission of the payment of costs or any unpaid portion thereof. The court should have the power to issue remittitur if payment will impose manifest hardship on the defendant or his immediate family." (Emphasis added.) *Olson v. James*, 603 F.2d 150, 155 (10th Cir. 1979).

Robinson argues that "the inescapable conclusion" from this federal case law is that "a trial court has both statutory and Constitutional obligations to consider a defendant's ability to pay when ordering payment of attorneys fees." I agree. In fact, it is quite clear to me that the Kansas Legislature intended to address both of these requirements in drafting the 1981 amendment to 22-4513. Compare L. 1976, ch. 169, sec. 3, with L. 1981, ch. 157, sec. 2. Note that the 1981 revisions impose the two requirements summarized in *Olson*: (1) financial ability must be considered in the

initial imposition of fees, and (2) there must be a mechanism for reconsideration at any later date. The Kansas statute clearly addresses and embodies *both* of these requirements. The majority's interpretation, with due respect, renders meaningless the first·requirement, that financial burden be considered when the fees are initially assessed. This interpretation is not only inconsistent with the statutory intention, it violates the United States. Constitution.

I am acutely aware of the desire of the majority to avoid yet another mandatory sentencing obligation on our district courts. As a practical matter, the interpretation of the majority would serve the interests of judicial administration. Unfortunately, the interpretation is not what was intended by our legislature and is constitutionally flawed. The language of K.S.A. 2004 Supp. 22-4513(b) must be interpreted as imposing a requirement upon the court to consider the financial circumstances of the defendant as a condition of any assessment of fees under the statute.

I would reverse the district court's assessment of fees and remand for further proceedings consistent with this dissent.