(623 P.2d 1369)

No. 52,117

HELENA MARGARET ANN DAVIS, *Appellant,* v. THOMAS H. DAVIS, *Appellee.*

Petition for review denied April 29, 1981.

Opinion filed February 27, 1981.

*Tamara Huddleston* and *William E. Metcalf* of Legal Services of Southeast Kansas, of Pittsburg, for the appellant.

No appearance for appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: Plaintiff has appealed the denial of her motion to amend the judgment rendered in her divorce action.

At commencement of suit plaintiff filed her affidavit of poverty as permitted by K.S.A. 60-2001(b)(1) and (2), and was not therefore required to advance the docket fee provided by that statute. Defendant was personally served with summons but did not plead or otherwise appear in the action. Plaintiff was granted an absolute divorce, custody of the minor child, child support money, and a division of property. Costs of suit were taxed to plaintiff.

The entry of judgment was followed by plaintiff's motion to amend with plaintiff contending error in assessing the docket fee of $35 to her in view of the fact that she had commenced action by filing a poverty affidavit. The trial judge ruled otherwise and this is the issue now before this court.

Relevant portions of K.S.A. 60-2001 follow:

"(a) . . . Except as otherwise provided by law, no case shall be filed or

docketed in the district court, whether original or appealed, without payment of a docket fee in the amount of thirty-five dollars ($35) to the clerk of the district court.

"*(b)* . . . *(1)* . . . . In any case where a plaintiff by reason of poverty is unable to pay a docket fee, and an affidavit so stating is filed, and no fee will be required."

Under subparagraph (2) of that statute, it is necessary only that plaintiff swear the claim set forth in the petition is just, and further, "that by reason of my poverty, I am unable to pay a docket fee." The docket fee is the only cost assessed in each case for reimbursement for services of the clerk of the district court and the sheriff, statutory fees for the stenographer, judge's retirement and law library, and the bar docket fee. Any remaining balance shall be paid into the county treasurer. K.S.A. 60-2001(*c*).

K.S.A. 60-2002 provides in substance that, unless otherwise provided by statute or by order of the judge, costs are to be allowed to the party in whose favor judgment is rendered. K.S.A. 60-2003 is a statutory definition of items allowable as costs, the first of which is "[t]he docket fee as provided for by K.S.A. 60-2001."

Plaintiff contends the poverty affidavit permitted by the provisions of K.S.A. 60-2001 is in lieu of the docket fee otherwise required and argues if no docket fee can be required upon filing of a poverty affidavit, none can be taxed.

The question, however, of whether the provision that with the filing of a poverty affidavit, "no fee will be required," relieves plaintiff of any liability for that fee for all time and under all circumstances appears to be one of first impression in this state. Our research has not disclosed a statute of any other state of sufficient similarity to justify comparison.

With the filing of the poverty affidavit, this became a proceeding in forma pauperis, and the question of what costs or fees are excused, postponed, or publicly provided for, depends largely on the wording of the particular statute involved. 20 Am. Jur. 2d, Costs § 47, p. 38. As stated in 20 C.J.S., Costs § 146, p. 385:

"Statutes permitting suits in forma pauperis open the doors of the courts to litigants whose poverty would otherwise preclude their securing justice through inability to pay or secure costs in advance, although ordinarily such statutes postpone rather than preclude eventual payment of costs."

We believe it apparent that the legislative intent of K.S.A. 60-2001(*b*)(1) and (2) was to aid the poverty-stricken litigant in

getting into court, or in effect to make certain the courts of Kansas are available to all without regard to financial ability. The phrase "no fee will be required," as contained in the statute, is in effect to say the docket fee of $35 will not be required in order to commence suit, if by reason of poverty the litigant is unable to pay that fee. But this is neither a waiver nor a forgiveness of the liability for the fee. We hold that costs of suit, including the docket fee provided by statute, may be taxed to the litigants, or any one or more of them, as sound judicial discretion may dictate, notwithstanding the fact the action was commenced with the filing of a poverty affidavit.

Affirmed.

PARKS, J., dissenting: As I read K.S.A. 60-2001(b)(1), it provides that "no fee will be required" when a poverty affidavit is filed. In other words, the docket fee is waived for all purposes.

It is interesting to note that K.S.A. 60-2005 provides that the State of Kansas and all cities and counties in this state are exempt from paying docket fees, except that when costs are assessed against these entities, *the docket fee prescribed by K.S.A. 60-2001 shall be included.* If the legislature had intended to include a docket fee as costs in situations where a poverty affidavit has been filed, it would have used language in K.S.A. 60-2001 similar to that found in K.S.A. 60-2005.

The words "no fee will be required" are plain and unambiguous. In such circumstances the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. In construing a statute, the language of which is plain, it is not the function of this court to search for reasons for its enactment. *Randall v. Seemann,* 228 Kan. 395, 397, 613 P.2d 1376 (1980), and cases cited therein.

In my view, the legislature has seen fit to waive the docket fee when a poverty affidavit is filed. Therefore, the trial court had no authority, discretionary or otherwise, to include a docket fee of $35 as costs against the plaintiff.

I would reverse.