(781 P.2d 742)

No. 63,371

ROBIN LANCE FOUGHT, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed October 27, 1989.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kuner*, chief appellate defender, for the appellant.

*Patricia Meyer*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., ELLIOTT and LARSON, JJ.

LEWIS, J.: This is an appeal from an order of the district court requiring the appellant to pay court costs, amounting to a $55 filing fee, assessed after he had unsuccessfully sought to have his criminal sentence vacated by a motion filed pursuant to K.S.A. 60-1507.

Finding no error, we affirm.

In this case, the appellant had been sentenced to a term of two to five years on a plea of guilty to one count of aggravated incest.

Although probation was apparently recommended by a mental health counselor and was not opposed by the State of Kansas, the court refused to grant probation and the defendant was remanded to the custody of the Secretary of Corrections to serve his sentence.

Appellant thereupon filed at least two motions to modify his sentence and one motion under K.S.A. 60-1507 seeking the same relief, all of which were denied by the trial court. The present matter is a result of a second motion pursuant to K.S.A. 60-1507 in which appellant basically raises the same issues he had unsuccessfully raised in earlier motions.

In the instant matter, the trial court summarily denied the motion without a hearing and without the appointment of counsel and, after doing so, assessed the costs of the action against the appellant. It is from this action of assessing court costs that this appeal is prosecuted.

We note that the court costs in this case amount to nothing more than a requirement that appellant pay the $55 filing fee, which had initially been waived on appellant's poverty affidavit.

The appellant argues that the imposition of costs against an indigent incarcerated litigant in a 60-1507 action violates the laws of the State of Kansas, as well as various provisions of the Constitutions of the United States of America and the State of Kansas. Appellant appears to argue that the imposition of costs will have an effect of denying access to the courts by incarcerated indigent inmates.

We pause to note that factually in this case appellant was permitted to file his motion and the motion was heard by the court without requiring the payment of the $55 filing fee.

The question before this court then is whether the trial court may assess court costs against a pro se incarcerated litigant after that litigant's motion has been heard and determined to have been without merit. We answer this question, as did the trial court, in the affirmative. We find no constitutional nor statutory ban against the assessment of court costs under these circumstances.

First of all we must note that, although a proceeding under K.S.A. 60-1507 is an inquiry into the validity of a sentence imposed in a criminal case, it is, nonetheless, a civil action. *Thompson v. State*, 195 Kan. 318, 403 P.2d 1009 (1965).

The taxation of costs in a civil action is governed by K.S.A. 60-2002, which states: "Unless otherwise provided by statute, or by order of the judge, the costs shall be allowed to the party in whose favor judgment is rendered." We find nothing in the statutes to exclude the motions filed under K.S.A. 60-1507 from that rule. The absence of a specific legislative pronouncement to this effect is pertinent. We note that actions pursuant to K.S.A. 60-1507 are specifically excluded from the operation of K.S.A. 60-2007, which taxes attorney fees against a party who knowingly asserts a frivolous claim or defense. It would appear that if the legislative intent would have been to exclude 60-1507 plaintiffs from liability for costs, the legislature would have said so in 60-2002. See 2A Sutherland, Statutory Construction § 51.02, p. 454 (Sands 4th ed. 1984) (" '[W]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' "). Under that reasoning we conclude that, since the legislature only excused 1507 petitioners from the assessment of attorney fees under 60-2007, it must have envisioned that they would be liable for ordinary court costs under 60-2002.

Appellant argues that Kansas Supreme Court Rule 183(a) (1988 Kan. Ct. R. Annot. 108), dealing with procedure under K.S.A. 60-1507, excuses him from any liability for the costs of the action. We have considered this argument and hold that Supreme Court Rule 183(a) does not excuse the assessment of court costs against the litigant under K.S.A. 60-1507. The rule states in pertinent part as follows: *"[n]o cost deposit shall be required."* (Emphasis added.) In the instant matter, no cost deposit was required; the assessment of court costs was not made until the motion had been filed and disposed of by the court. This procedure certainly does not violate Supreme Court Rule 183(a), which requires only that no cost deposit be required.

It has been well settled in this State that, while financial obstacles, such as docket fees, may not be used to keep indigent plaintiffs from filing suit, those same fees may be taxed against the plaintiff should he lose. K.S.A. 60-2001(a) and (b) allow that when, by reason of poverty, a plaintiff is not able to pay a docket fee, the fee will not be required to commence suit. However, in *Davis v. Davis*, 5 Kan. App. 2d 712, 623 P.2d 1369, *rev. denied*

229 Kan. 669 (1981), the court held that the docket fee, waived at the commencement of the suit, may be taxed to either party at the end of the suit.

"We believe it apparent that the legislative intent of K.S.A. 60-2001(*b*)(1) and (2) was to aid the poverty-stricken litigant in getting into court, or in effect to make certain the courts of Kansas are available to all without regard to financial ability. The phrase 'no fee will be required,' as contained in the statute, is in effect to say the docket fee of $35 [now $55] will not be required in order to commence suit, if by reason of poverty the litigant is unable to pay that fee. But this is neither a waiver nor a forgiveness of the liability for the fee. We hold that costs of suit, including the docket fee provided by statute, may be taxed to the litigants, or any one or more of them, as sound judicial discretion may dictate, notwithstanding the fact the action was commenced with the filing of a poverty affidavit." 5 Kan. App. 2d at 713-14.

The appellant's constitutional argument is to the effect that the due process clause implies a fundamental right of access to the courts and that the imposition of court costs in a case of this nature would operate as a financial bar to the court system by litigants such as appellant. As we have pointed out above, this procedure results in no financial obstacle barring his access to the court. Under the procedure adopted here, the appellant merely runs the risk of being assessed the cost of the action should he be unsuccessful. We cannot imagine that such a procedure would in any way inhibit a potential 60-1507 plaintiff from bringing his motion before the court.

We hold that, under circumstances such as are presented in this case, the assessment of court costs should remain within the sound judicial discretion of the trial judge. We specifically hold that the trial judge did not abuse his discretion in assessing court costs against the appellant after his 60-1507 motion had been filed and determined adversely to the appellant.

Affirmed.