John B. Barrett Goddard City Attorney 101 W. First, P.O. Box 471 Goddard, Kansas 67051
Dear Mr. Barrett:
You inquire regarding the legality of assessing a $10 fee against those defendants who choose to exercise their right to trial in municipal court and who are found guilty. You indicate that this additional cost is necessary to pay "for the additional court time and resources."
In municipal court, a defendant who pleads not guilty is entitled to a trial before a municipal judge.[1] The only costs that can be assessed are those listed in K.S.A. 12-4112.[2] However, because the Kansas Code of Procedure for Municipal Courts is nonuniform,[3] cities can charter out of K.S.A. 12-4112 and assess costs.[4] The issue, then, is whether such a charter ordinance would "chill" a defendant's statutory right to trial, and, thus, violate the Due Process Clause of the Fourteenth
Amendment to the United States Constitution.
The United States Supreme Court has scrutinized state laws that impose financial barriers having the effect of restricting a criminal defendant's access to court.[5] In Griffin v. Illinois,[6] the Court concluded that a state cannot require indigent defendants to pay for a trial transcript necessary to prosecute an appeal from a criminal conviction.
"Surely no one would contend that either a State or the Federal Government could constitutionally provide that defendants unable to pay court costs in advance should be denied the right to plead not guilty or to defend themselves in court. Such a law would make the constitutional promise of a fair trial a worthless thing. Notice, the right to be heard, and the right to counsel would under such circumstances be meaningless promises to the poor. In criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color. Plainly the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial."[7]
Three years later, the Court, applying the Griffin rationale, concluded that a state may not require an indigent defendant in a criminal case to pay a filing fee before being allowed to prosecute an appeal.[8]
In Kansas, municipal court proceedings are more akin to criminal proceedings than civil proceedings.[9] Therefore, requiring the payment of a fee as a prerequisite to exercising one's statutory right to trial would clearly run afoul of the Fourteenth Amendment. However, the City of Goddard does not propose the imposition of a fee prior to trial. Rather, our understanding is that a $10 fee would be assessed at the conclusion of the matter and only if the defendant "requires a court appearance or trial" and is found guilty.
In criminal cases prosecuted in Kansas district courts, a defendant who is convicted is liable for the costs incurred in both the prosecution and the defense of the case.[10] Many of these costs are incurred as a result of a defendant's exercise of the right to counsel and the right to trial. Such costs include expert witness fees,[11] attorney fees for services rendered by the State Board of Indigent Defense,[12] and witness travel fees.[13]
While there are no Kansas appellate decisions that address due process concerns involving costs and the right to trial or counsel in criminal cases, the Kansas Court of Appeals has considered the constitutional right to court access in situations where costs were assessed against indigent parties in civil proceedings. In Fought v. State,[14] the Court found no constitutional prohibition on assessing a statutory docket fee against an incarcerated defendant who filed a second motion to vacate his sentence:
"It has been well settled in this State that, while financial obstacles, such as docket fees, may not be used to keep indigent plaintiffs from filing suit, those same fees may be taxed against the plaintiff should he lose.
"[The] appellant's constitutional argument is to the effect that the due process clause implies a fundamental right of access to the courts and that the imposition of court costs in a case of this nature would operate as a financial bar to the court system. . . . [As] we have pointed out above, this procedure results in no financial obstacle barring his access to the court. Under the procedure adopted here, the appellant merely runs the risk of being assessed the cost of the action [i.e. $55] should he be unsuccessful. We cannot imagine that such a procedure would in any way inhibit a potential 60-1507 plaintiff from bringing his motion before the court."[15]
The United States Supreme Court has also weighed in regarding whether assessing costs in criminal cases passes constitutional muster. In Fullerv. Oregon,[16] the Court concluded that recoupment statutes that require an indigent criminal defendant to reimburse the state for attorney fees and expenses incurred in the defendant's defense do not infringe on the right to counsel where the defendant later becomes financially able to reimburse the state:
"This case is fundamentally different from our decisions . . . which have invalidated state and federal laws that placed a penalty on the exercise of a constitutional right. [Citations omitted.] Unlike the statutes found invalid in those cases, where the provisions `had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them,' Oregon's recoupment statute merely provides that a convicted person who later becomes able to pay for his counsel may be required to do so."[17]
Cases in other jurisdictions, applying the Fuller v. Oregon rationale, have upheld decisions assessing the costs of prosecuting a case against an indigent criminal defendant against claims that such costs violate the defendant's right to a jury trial and right to counsel.[18] Therefore, it is our opinion that in order to offset the expense of court proceedings, a city may charter out of K.S.A. 12-4112 and assess reasonable costs against a municipal court defendant who exercises the right to trial and who is found guilty.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 12-4501; 12-4502.
[2] Witness fees, mileage, judicial branch education fund, law enforcement training center fund, local law enforcement training reimbursement fund, juvenile detention facilities fund, detention facility processing fee.
[3] City of Junction City v. Griffin, 227 Kan. 332 (1980).
[4] Attorney General Opinion No. 82-161.
[5] Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209
(1959).
[6] 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
[7] 351 U.S. at 17 (emphasis added).
[8] Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209
(1959).
[9] City of Lenexa v. Higgins, 16 Kan. App. 2d 499 (1992).
[10] State v. Phelps, 28 Kan. App. 2d 690, 698 (2001). See, also,
K.S.A. 22-3801; 28-172a(d); 22-3803: ("[a]t the conclusion of each criminal case the court shall tax the costs against the party responsible for payment and shall cause to be delivered to such responsible party a complete statement of costs, specifying each item of service and the fee assessed for such service.")
[11] State v. Rother, 23 Kan. App. 2d 443 (1997).
[12] K.S.A. 2001 Supp. 22-4513.
[13] State v. Phelps, 28 Kan. App. 2d 690 (2001).
[14] 14 Kan. App. 2d 17 (1989).
[15] Id. at 19-20. See Davis v. Davis, 5 Kan. App. 2d 712 (1981).
[16] 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974).
[17] 417 U.S. at 54.
[18] Ohree v. Commonwealth of Virginia, 494 S.E.2d 484 (Va. 1998);State of West Virginia v. Boober, 488 S.E.2d 66 (W.Va. 1997); UnitedStates v. Palmer, 809 F.2d 1504 (statute requiring defendant to pay costs of prosecution achieved legitimate governmental objectives and did not needlessly chill defendant's right to trial); People v. Estate of Scott,363 N.E.2d 823 (Ill. 1977).