(82 P.3d 859)

No. 90, 745

VERNON J. AMOS, #55009, *Appellant*, v. CHARLES E. SIMMONS, *et al.*, *Appellees*.

Opinion filed January 23, 2004.

*Vernon J. Amos*, appellant pro se.

*Julie St. Peter*, of Kansas Department of Corrections, for the appellees.

Before RULON, C.J., PIERRON, J., and BRAZIL, S.J.

PIERRON, J.: Vernon J. Amos appeals the district court's denial of his K.S.A. 2002 Supp. 60-1501 petition. We affirm

Amos is confined to administrative segregation at the El Dorado Correctional Facility (Facility). On January 17, 2003, he filed a K.S.A. 2002 Supp. 60-1501 petition alleging the Facility's replacement of a hot meal at noon with a cold sack lunch was cruel and unusual punishment. He also asserted equal protection violations in that other inmates continued to get hot meals at lunch.

On May 22, 2003, the district court found that the lunches met the "American Correctional Association guidelines for appropriate nutrition." The court concluded there was no deprivation of Amos' constitutional rights and assessed $25 in court costs against Amos.

Amos claims the different menus provided to inmates in administrative segregation constitute a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. His argument fails. A hot meal is not a fundamental liberty interest. See *Davis v. Finney*, 21 Kan. App. 2d 547, 548-57, 902 P.2d 498 (1995) (discussing *Sandin v. Conner*, 515 U.S. 472, 132 L. Ed. 2d 418, 115 S. Ct. 2293 [1995]). Therefore, Amos' complaint would be subject to a rational basis review.

Amos receives a 2,800-calorie/kosher diet related to his diabetes and religious requirements respectively. He receives a hot meal for breakfast and supper. The Facility's policy is that inmates in work study and/or administrative segregation receive the sack lunch for their noon meal. His noon meal is still within the parameters of his medical and religious needs. See *LaFevers v. Saffle*, 936 F.2d 1117, 1119-20 (10th Cir. 1991) (denial of a vegetarian diet was not cruel and unusual punishment because petitioner's religious and dietary requirements were protected).

To avoid summary dismissal of a K.S.A. 2002 Supp. 60-1501 petition, " 'allegations must be made of shocking and intolerable conduct or continuing mistreatment of a constitutional stature.' [Citation omitted.]" *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998).

Amos has not made a threshold showing of disparate treatment rising to the level of constitutional stature.

Likewise, Amos has not shown any treatment or conduct which rises to the constitutional stature of cruel and unusual punishment or is an equal protection violation. The district court did not err in summarily denying his 60-1501 petition for relief.

Amos also complains that the district court abused its discretion in assessing $25 against his prison account for court costs associated with filing the habeas corpus petition. He is incorrect. See *Fought v. State*, 14 Kan. App. 2d 17, 20, 781 P.2d 742 (1989) (assessment of court costs within sound discretion of trial judge after 60-1507 motion summarily denied).

Also, because K.S.A. 60-1503(a) and 60-1505(a) state that costs shall be assessed against the petitioner when a court determines

that no relief is available pursuant to K.S.A. 2002 Supp. 60-1501, the district court can properly assess costs to the petitioner.

Affirmed.