Kerry McQueen, Counsel Southwest Medical Center 419 North Kansas, P.O Box 2619 Liberal, Kansas 67905-2548
Dear Mr. McQueen:
As legal counsel for the Southwest Medical Center, you request our opinion on the following question:
 "Does a county hospital organized pursuant to K.S.A. 19-4601 et seq. fall within the exception from depositing court costs or paying docket fees as set forth in K.S.A. 60-2005?"
You note that the Chief Judge of the 26th Judicial District has issued an Administrative Order stating that medical entities are not exempt from payment of fees under K.S.A. 60-2005. In reaching that conclusion, the Honorable Tom Smith reviewed K.S.A. 38-1613(c)(3) and provided it as an example of how clearly the Legislature can exempt certain entities from the duty to pay docket fees.
K.S.A. 60-2005 states:
 "The state of Kansas and all cities and counties in this state are hereby exempt, in any civil action in which such state, city or county is involved, from depositing court costs or paying docket fees prescribed by any other law of this state, except that if the costs are assessed against the state of Kansas or any city or county in this state in any such action, such costs shall include the amount of the docket fee prescribed by K.S.A. 60-2001 together with any additional courts costs accrued in the action."[1]
Hospitals in Kansas can be privately or publicly owned and operated. County hospitals are created by counties, acting pursuant to K.S.A. 19-4601et seq.[2] Once a county hospital has been created under this act, the entity managing hospital affairs is a board, established pursuant to K.S.A. 19-4605. This supervising board is either elected by county voters or appointed by the county commissioners, depending upon the procedures elected under K.S.A. 19-4605.[3] These two statutory methods of operating the hospital are provided by the Legislature.[4]
Powers of a county hospital board are set forth at K.S.A. 19-4610,[5]19-4611[6] and 19-4613. K.S.A. 19-4611 authorizes the hospital board to lease hospital property, enter into contracts for management, provide ambulance service, recruit and retain staff, and to sue or be sued. Additionally, K.S.A. 19-4613 provides the county hospital with the authority to exercise eminent domain powers and K.S.A. 19-4606 permits elected county hospital boards to levy a tax. Most of these powers mirror already existing powers vested in the county.[7] Thus, the existence of separate statutes specifically vesting such powers in a county hospital board appears to imply that a county hospital and its board, once created by a county, are separate and distinct from the county itself.
However, the board of county commissioners still retains some degree of over-sight authority with regard to certain county hospital matters and decisions. For example, only the county commission can take action to issue no fund warrants for the county hospital,[8] only the board of county commissioners can close and terminate operation of a county hospital,[9] and the county commission is the entity authorized to issue and sell revenue bonds for county hospital purposes.[10]
Thus, we have a situation wherein a specific entity is created by a county and can be somewhat controlled by a county, but which nevertheless possesses significant and independent legal authority with regard to many matters. Particularly notable to us is the county hospital's authority to sue and be sued, under K.S.A. 19-4611(g), apparently without county permission, over-sight, or additional authority.
If the question posed was whether the county hospital is an agent, servant or employee of the county, we would have to examine the various degrees of control that the county itself exercises over hospital matters. However, the question at hand is not whether a county hospital is an agent, servant or employee of the county. Rather, because the provisions of K.S.A. 60-2005 provide an exemption for suit filed bycounties, the only question is whether the county is filing the action. Whether a specific action (filed by any person, official, employee or legal entity) is brought by a county is in large part a factual issue.[11]
In our opinion, any civil suit filed by or on behalf of a county hospital created under K.S.A. 19-4601 et seq. may qualify for the K.S.A.60-2005 fee exemption, if the county itself is the party. We find no authority in Kansas statutes or case law wherein all suits filed by a county hospital are automatically deemed to have been brought on behalf of the county. Whether a county is the filing party may be established in the caption or some initial part of the pleadings. Absent some factual indicia that the county is itself the filing party to a specific action, we believe that the fee exemption allowed by K.S.A. 60-2005 may not be warranted.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] Emphasis added. Originally enacted in 1969, the only amendment to K.S.A. 60-2005 occurred in 1974, at which time the final clause of the sentence was added (authorizing a court order assessing costs). There are no reported Kansas cases discussing this statute in connection with the filing fee exemption for governmental entities. Davis v. Davis,5 Kan.App.2d 712 (1981) merely mentions K.S.A. 60-2005 and states: "It is interesting to note that K.S.A. 60-2005 provides that the state of Kansas and all cities and counties in this state are exempt from paying docket fees, except that when costs are assessed against these entities, the docket fee prescribed by K.S.A. 60-2001 shall be included. If the legislature had intended to include a docket fee as costs in situations where a poverty affidavit has been filed, it would have used language in K.S.A. 60-2001 similar to that found in K.S.A. 60-2005."
[2] Cities may also create, finance and operate hospitals under K.S.A. 12-183, 12-1615, and 12-14b01 et seq.
[3] A county hospital may be financed, at least in part, by a tax levy or bonds issued under K.S.A. 19-4606 and 19-4616 et seq.
[4] See Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663
(1986).
[5] "The board is authorized to invest in any mutual insurance company . . . [and] enter into contracts with such company. . . . The board is charged with the supervision, care and custody of all hospital property. The board is authorized to appoint an administrator, to fix the compensation thereof, and to remove such administrator. The board may also require personal or surety bonds of all hospital employees entrusted with the handling of hospital moneys, such bonds to be in an amount to be determined and approved by the board.
"(b) The board may establish and fund pension and deferred compensation plans and any other employee benefit plans for hospital employees and may procure contracts insuring hospital employees. . . ."
[6] "(a) The board may enter into written contracts for the lease of any hospital property. . . . (b) The board may enter into written contracts for the lease of real property to be used for hospital purposes. . . . (c) The board may enter into written contracts for the lease of personal property. . . . (d) The board may contract for the management of any hospital with any person, corporation, society or association upon such terms and conditions as deemed necessary by the board. (e) The board may operate and maintain an emergency medical or ambulance service upon authorization by and under contract with the commission upon such terms and conditions as are specified by the commission. (f) The board may expend funds as deemed necessary for the recruitment or retention of staff. . . . (g) The board may sue in its own name or in the name of the hospital. The board may be sued and may defend any action brought against it or the hospital."
[7] See K.S.A. 19-212 and 19-101a.
[8] K.S.A. 19-4626.
[9] K.S.A. 19-4625.
[10] K.S.A. 19-4616.
[11] We note that, as discussed in Attorney General Opinion No. 81-196, collection of debts owed to a county hospital may result in an action filed in the name of the county.